[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 28, 1997
The plaintiff, Lucila Moran, brought a negligence action against the defendants, Rich-Taubman Associates (Rich-Taubman) and its general partner, Frank D. Rich, Jr., for injuries she allegedly sustained in a fall at the Stamford Town Center, which is owned by the defendants. These defendants thereafter brought apportionment complaints against Colin Service Systems, Inc. (Colin) and Imperial Floor Covering, Inc. (Imperial), claiming that the apportionment defendants were responsible for any negligence that resulted in injuries to the plaintiff.
The plaintiff then cited in both Colin and Imperial as codefendants, and the defendants, Rich-Taubman and Rich, brought a cross claim against their codefendant Colin on two theories: (1) breach of a contract involving maintenance and cleaning at the subject premises; and (2) breach of an agreement to defend and indemnify the defendants.
Colin has now moved (#146) to strike count one of the cross claim by the defendants Rich-Taubman and Rich regarding breach of contract on the basis that the defendant, Rich-Taubman, had previously brought an apportionment claim against Colin. The thrust of Colin's argument is as follows: "because the defendant [Rich-Taubman] brought an apportionment action under P.A. 95-110
and C.G.S. § 52-572 which provides for negligence actions only, he cannot bring a contract claim under this negligence statute." Colin claims that the defendants are attempting to "disguise [their] tort claim in the form of a contract claim merely to take advantage of greater legalremedies."
Colin, however, cites no statute or case that prohibits a defendant from first bringing an apportionment claim against one whom the plaintiff has not sued, and then bringing a cross claim against that same entity after it has been made a codefendant by the plaintiff. Colin was properly summoned in as a party defendant pursuant to Practice Book §§ 99 and 100. Furthermore, Practice Book § 116 provides that any defendant may file "cross claims against any codefendant" provided that the claim "arises out of the transaction . . . which is the subject of the CT Page 3691 plaintiff's complaint." There is nothing in this section or any other authority for the proposition that because a defendant has filed an apportionment complaint against one who has not been made a defendant, a cross claim cannot subsequently be filed after that defendant has been made a codefendant by the plaintiff. The fact that the apportionment complaint is based on negligence and the cross claim is based on breach of contract is immaterial. Hence, the motion to strike the first count of the defendants' cross claim is denied.
LEWIS, J.